**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BMO HARRIS BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>CRS TRANSPORT, INC., et al.,<br><br>Defendants. | Case No.: 1:24-cv-01764 JLT FJS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 14, 22) |

BMO Harris Bank N.A. seeks to hold CRS Transport, Inc. and Sandeep Dhankher liable for breach of contract related to several Loan and Security Agreements. (*See generally* Doc. 1.) After Defendants failed to answer, the Court entered default against Defendants. (Docs. 10, 11.) Plaintiff now seeks default judgment against Defendants. (Doc. 14.) The magistrate judge held proceedings related to the motion on June 26, 2026, and July 17, 2026. (Docs. 20, 21.)

The magistrate judge found Plaintiff complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 22 at 10-13.) Examining the sufficiency of the complaint, the magistrate judge found Plaintiff alleged sufficient facts to state a claim for breach of contract against Defendant and "submits evidence in support of its damages claim." (*Id.* at 14.) The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment and recommended the Court grant the motion; award possessing of the identified vehicles; and award monetary

damages in the amount of $335,689.67, plus post-judgment interest. (*Id.* at 13-16, 18.)

The magistrate judge found Plaintiff is also entitled to an award of attorney fees and costs. (Doc. 22 at 16-18.) The magistrate judge found the requested hourly rate of $325 was reasonable based upon the experience of counsel, Ken Ito. (*Id.* at 17.) Initially the request for attorney fees included 13.25 hours of work, which included two hours for anticipated time related to the pending motion. (*See* Doc. 16 at 3, ¶¶ 5, 7.) However, the magistrate judge found that only 11.20 hours were supported in the declaration of Mr. Ito. (Doc. 22 at 17.) At the hearing on July 17, 2026, Mr. Ito indicated that he no longer sought fees for time related to the pending motion, and the additional .05 hour identified in the total hours reported was a typographical error. (*Id.* at 7, n.2; *id.* at 17.) The magistrate judge found the 11.20 hours were reasonable and recommended fees be awarded for the modified time. (*Id.* at 17.) Finally, the magistrate judge also found costs in the amount of $1,151.14—which included the court filing fee and service of process—were reasonable and recommended the Court award the requested amount. (*Id.* at 18.)

The Court served the Findings and Recommendations on Plaintiff, which served the document on Defendant and filed proof of service. (Doc. 13.) The Court notified the parties that any objections were due within 14 days. (Doc. 22 at 19.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of certain rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No objections were filed, and the deadline for doing so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued September 30, 2026 (Doc. 22) are **ADOPTED** in full.
2. Plaintiff's motion for default judgment (Doc. 14) is **GRANTED** in part.
3. Plaintiff is **AWARDED** monetary damages in the amount of **$335,689.67,** plus post-judgment interest.
4. Plaintiff is **AWARDED** interest at contracted rates for the identified Agreements.

5. Plaintiff's request for fees and costs is **GRANTED**, in the modified amount of $3,640.00 in attorney fees and $1,151.14 in costs, for a total of **$4,791.14**.

6. Plaintiff is **AWARDED** possession of the subject vehicles and Defendants **SHALL** return and/or permit Plaintiff to take possession of the following:

   a. 2022 Utility Refrigerated Vans: 53' with 2020 Thermo King, Model S600: VIN 1UYVS2530N2529427; Serial No. 6001334798;

   b. 2022 Utility Refrigerated Vans: 53' with 2020 Thermo King, Model S600: VIN 1UYVS2539N2529426; Serial No. 600133692;

   c. 2023 Utility Refrigerated Vans: 53' with 2020 Thermo King, Model S600: VIN 1UYVS2531P2816911; Serial No. 6001366200;

   d. 2023 Utility Refrigerated Vans: 53' with 2020 Thermo King, Model S600: VIN 1UYVS2535P2816913; Serial No. 6001366197; and

   e. 2023 Utility Refrigerated Vans: 53' with 2020 Thermo King, Model S600: VIN 1UYVS2537P2816914; Serial No. 6001366198.

7. Upon recovery and sale of the vehicles in a commercially reasonable manner, Plaintiff **SHALL** credit the net sale proceeds of the vehicle toward the monetary judgment awarded herein.

8. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants, and to close this case.

IT IS SO ORDERED.

Dated: November 2, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE